BENJAMIN F. HALLETT & others *vs.* WILLIAM W. FOWLER.

A defendant in replevin who prevails in the action is entitled to judgment for a return, although he has gone into insolvency during the pendency of the action, if the assignee in insolvency does not appear to defend the same.

REPLEVIN of a piano. After the exceptions formerly taken by the plaintiffs had been overruled, (8 Allen, 93,) the defendant moved for judgment for a return, to which the plaintiffs objected. It appeared that after the commencement of the action, and

before the rendition of the verdict, the defendant went into insolvency, and an assignee was appointed, who did not appear and take upon himself the defence. *Morton,* J., ruled that the defendant was entitled to judgment for a return; and the plaintiffs alleged exceptions.

*S. H. Phillips,* for the plaintiffs.

*S. Lincoln, Jr.,* ( *S. B. Ives, Jr.,* with him,) for the defendant.

CHAPMAN, J. The plaintiffs having failed to maintain their action of replevin, the presiding judge ruled that the defendant was entitled to a judgment for a return of the property. The plaintiffs except to this ruling on the ground that, subsequent to the commencement of the suit, and prior to the rendering of the verdict, the defendant went into insolvency, and that his estate has been duly assigned in insolvency. Therefore the plaintiffs contend that as the property replevied has passed to the assignee, the defendant is not entitled to a judgment for a return. But the provision of the statute which authorizes an assignee to prosecute a suit (Gen. Sts. *c.* 118, § 47,) does not compel him to do so. He shall be admitted if he requests it, but he may exercise his own discretion on the subject. He can not be under any greater obligation to defend than he is to prosecute a suit which is pending against the debtor; and if he does not choose to interfere, the opposite party cannot undertake to assert his rights, or avail himself of them. In this case he has not interfered, but has left the defendant standing in the same relation to the plaintiffs as if there were no assignee. The defendant is therefore entitled to his judgment for a return, and, when the property comes into his hands by virtue of the judgment, the remedy of the assignee to recover the property, if he has a right to it, will be against the defendant and not against the plaintiffs. As he has not requested to be admitted as a party to this suit, it cannot be decided here whether he has any right to the property. *Exceptions overruled.*